UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSEPH SIENKANIEC, individually and on behalf of all others similarly situated, | Case No. 17-CV-4489 (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER |
| UBER TECHNOLOGIES, INC., and RASIER, LLC, | |
| Defendants. | |

      Christopher J. Moreland and Melissa S. Weiner, HALUNEN LAW, for plaintiff.

      John H. Lassetter and Andrew J. Voss, LITTLER MENDELSON P.C., for defendants.

This matter is before the Court on the motion of defendants Uber Technologies, Inc. and Rasier, LLC (collectively "Uber") to compel arbitration of this matter under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq.  In opposing Uber's motion, plaintiff Joseph Sienkaniec argues that the FAA does not apply to his claims against Uber because he is a "worker[] engaged in foreign or interstate commerce" for purposes of 9 U.S.C. § 1.  Sienkaniec also argues that the arbitration provisions in his contract with Uber are unconscionable.

The contract between Uber and Sienkaniec contains a "delegation clause" that requires the parties to arbitrate "disputes arising out of or relating to interpretation or

application of this Arbitration Provision, including the enforceability, revocability or validity of the Arbitration Provision or any portion of the Arbitration Provision." ECF No. 10-1 at 44. It is therefore clear that, under *Green v. SuperShuttle International, Inc.*, 653 F.3d 766, 769 (8th Cir. 2011), an "arbitrator [must] decide whether the FAA's transportation worker exemption applie[s]." Sienkaniec argues that *Green* was wrongly decided, and he urges the Court to apply instead the "more recent" and "more thoroughly reasoned" decisions of other courts, such as *Oliveira v. New Prime, Inc.*, 857 F.3d 7, 12-15 (1st Cir. 2017). ECF No. 15 at 28 n.15. But unless and until the Eighth Circuit overturns *Green*, this Court is bound to apply it, and *Green* requires that an arbitrator (and not this Court) decide whether Sienkaniec is exempt from the FAA.

Sienkaniec also argues—in two paragraphs of his 31-page brief—that the arbitration provisions of his contract with Uber (including the delegation clause) are unconscionable. Many courts have addressed similar attacks on the standard Uber driver's contract. As far as this Court can determine, every one of those courts (save for a single trial judge in California[1]) has held that the arbitration provisions are not unconscionable—which is not surprising, given that Uber drivers such as Sienkaniec can easily opt out of those provisions. *See, e.g.*, *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1210-12 (9th Cir. 2016); *Lathan v. Uber Techs., Inc.*, No. 16-CV-794, 2017 WL

---

[1]*Uber Techs., Inc. v. Berwick*, No. CGC-15-546378, 2015 Cal. App. Unpub. LEXIS 9488, at *1 (Cal. App. Dep't Super. Ct. Sept. 21, 2015).

3141890, at *3 (E.D. Wis. July 24, 2017); *Rimel v. Uber Techs., Inc.*, 246 F. Supp. 3d 1317, 1326-28 (M.D. Fla. 2017); *Mumin v. Uber Techs., Inc.*, 239 F. Supp. 3d 507, 525-26 (E.D.N.Y. 2017); *Kai Peng v. Uber Techs., Inc.*, 237 F. Supp. 3d 36, 54-58 (E.D.N.Y. 2017); *Saizhang Guan v. Uber Techs., Inc.*, 236 F. Supp. 3d 711, 729-33 (E.D.N.Y. 2017); *Singh v. Uber Techs. Inc.*, 235 F. Supp. 3d 656, 674-76 (D.N.J. 2017); *Richemond v. Uber Techs., Inc.*, No. 16-CV-23267, 2017 WL 416123, at *4 (S.D. Fla. Jan. 27, 2017); *Micheletti v. Uber Techs., Inc.*, 213 F. Supp. 3d 839, 847-49 (W.D. Tex. 2016); *Bruster v. Uber Techs. Inc.*, 188 F. Supp. 3d 658, 664 (N.D. Ohio 2016), *reconsideration denied*, No. 15-CV-2653, 2016 WL 4086786, at *2 (N.D. Ohio Aug. 2, 2016).

This Court agrees that, for the reasons explained in these opinions, the arbitration provisions in the Uber contract are not unconscionable. The parties must arbitrate the question of whether the transportation-worker exemption of the FAA applies to Sienkaniec. As instructed by *Green*, the Court will stay this action until the arbitrator issues a decision. 653 F.3d at 770. If the arbitrator finds that the transportation-worker exemption applies to Sienkaniec, then Sienkaniec may litigate his claims against Uber in this Court. If the arbitrator finds that the transportation-worker exemption does not apply to Sienkaniec, then the parties must arbitrate Sienkaniec's claims against Uber.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Defendants' Motion To Dismiss and To Compel Arbitration [ECF No. 7] is GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART.

2. The parties are ORDERED to arbitrate the question of whether Sienkaniec's claims against Uber must be arbitrated under the FAA.

3. This action is STAYED.

4. If the arbitrator finds that the FAA applies to Sienkaniec's claims against Uber, then the parties are ORDERED to arbitrate those claims, and this stay will remain in effect pending the outcome of that arbitration.

5. If the arbitrator finds that the FAA does not apply to Sienkaniec's claims against Uber, then this stay will automatically terminate, and Sienkaniec may proceed to litigate his claims in this Court.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 18, 2017         s/Patrick J. Schiltz
                                 Patrick J. Schiltz
                                 United States District Judge